| *Filer's Name, Address, Phone, Fax, Email:* |  | |
|---|---|---|
| | UNITED STATES BANKRUPTCY COURT
DISTRICT OF HAWAII
1132 Bishop Street, Suite 250
Honolulu, Hawaii 96813 | |
| | | H4004-1b (4/22) |

| *Debtor:* | *Case No.:* |
|---|---|
| *Joint Debtor:*
  *(if any)* | *Chapter:* |
| **MOTION TO EXTEND TIME TO FILE COMPLAINT
AND/OR MOTION TO DISMISS FOR ABUSE; NOTICE OF HEARING**
Hearing to be held remotely using Zoom audio.
Go to Zoomgov.com or phone at (833) 568-8864 (toll-free).
Meeting ID: 161 789 3766, Passcode 1132. | *Hearing Date:*
*Time:*

*Objections due:* |

The undersigned moves for an order extending the deadline for 60 days after the filing of this motion, or alternatively: ☐ to file the following checked item(s).
*Proposed date of extended deadline*

☐ **Complaint under 11 U.S.C. § 523(c) to determine dischargeability of a particular debt**
  [*Note: an extension for the above does not delay entry of a discharge as to other debts*]
☐ **Complaint objecting to discharge under 11 U.S.C. § 727**
☐ **Motion to dismiss for abuse under 11 U.S.C. § 707(b)(3)** [U.S. Trustee only]

This extension applies to: ☐ Trustee ☐ U.S. Trustee ☐ Movant only ☐ All creditors and parties

NOTICE IS HEREBY GIVEN that a hearing on this motion has been scheduled for the date and time above.

**Your rights may be affected.** You should read the motion or application and the accompanying papers carefully and discuss them with your attorney if you have one in this bankruptcy case or proceeding. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to approve the extension, or if you want the court to consider your views on the motion, then you or your attorney must file a statement explaining your position **not later than 14 days before the hearing date**. Responses must be filed with the court at: **United States Bankruptcy Court, District of Hawaii, Suite 250, Honolulu, HI 96813**, and sent to the moving party at the address in the upper left corner of this document.

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the deadline stated above.

If you or your attorney do not take these steps, the court may decide that you do not oppose the motion and may cancel the hearing. If the hearing is canceled, the court may grant the relief if the moving party promptly files a declaration and request for entry of an order [H9021-1]. If the moving party wishes to proceed with a hearing in the absence of an objection, the moving party should file a request for the matter to remain on calendar [H9013-1c3].

**STATEMENT IN SUPPORT OF MOTION**

[*Explain reason(s) for extension.*]

Dated: _____  /s/_____
                                    for Movant          (Print name also if original signature)

# STATEMENT IN SUPPORT OF MOTION

Comes now, Creditor Ronda Beselt ("Ms. Beselt") and respectfully moves this Court for an order extending time to file a complaint objecting to discharge under Bankruptcy Code, 11 U.S.C. § 727, or complaint under 11 U.S.C. § 523(c) to determine the dischargeability of a particular debt. This motion is made pursuant to Rules 4004(b), 9006(b) and 9013 of the Bankruptcy Rules.

Debtor Peter Chen Hsieh ("Debtor") voluntarily commenced this case under Chapter 13 on March 1, 2023. [Dkt. 1] The § 341 meeting of creditors scheduled for April 12, 2023, and continued to May 10, 2023 to allow Debtor additional time to file his missing business exam documents. When Debtor failed to appear at the continued hearing, on May 11, 2023, Trustee filed his Declaration and Request for Order to Show Cause. The meeting was rescheduled to May 24, 2023, wherein Debtor appeared, but requested additional time to produce general excise tax returns, asking for an additional 45-60 days. The meeting was concluded by the Trustee.

On May 25, Counsel for Ms. Beselt emailed Debtor's attorney requesting a 60-day extension to the instant deadline, as well as counsel and Debtor's availability for a Rule 2004 examination. See, Exhibit A. On June 5, 2023, after no response, Ms. Beselt's counsel again reached out to Debtor's counsel via email. Thereafter, Debtor's counsel responded that he and Mr. Hsieh were available on June 22 or 23, 2023, but that Debtor was unwilling to extend the deadline. Necessarily, Debtor (an attorney) understood the purpose of the examination when providing his availability, intentionally providing a date after the deadline to further evade discovery.

On June 1, 2023, the Department of Taxation filed its Objection to Chapter 13 Plan [Dkt. 30], advising this Court that Debtor had failed to file his business tax returns for annual return periods of 2014, 2018, 2019 and 2022, as well as monthly returns from January 22, 2022 through February 2023. Ms. Beselt believes Debtor has failed to fully disclose his financial condition and certain transactions. Additionally, Debtor exhibited inconsistencies in his testimony in his meeting of creditors and the continued meeting regarding, among other things, a loan not reflected in his financial schedules of either $25,000 (see transcript of April 13 meeting of creditors

("April 13 Transcript"), p. 20) or $250,000-$225,000 (see transcript of May 24 meeting of creditors ("May Transcript"), p. 18, this latter amount inclusive of gifts). Debtor also claims to have transferred $1 Million to ex-wife Pearl Hsieh from his $2.2 Million earnings in 2019, with a large portion Million unaccounted for. April 13 Transcript, pp. 17-20.

The basis of Ms. Beselt's claims lie in, amongst other things, alleged egregious acts which may not be dischargeable. Mr. Hsieh's other creditors involve an additional claim for legal malpractice, the IRS, and a former spouse owed sizeable child support arrears.

In addition to Ms. Beselt's underlying actions, Creditor Dawn Yoshioka has a stayed circuit court action for fraudulent conveyance. At least in Ms. Beselt's arbitration action against Debtor, there were several unresolved/pending discovery disputes necessitating Ms. Beselt to file multiple motions to compel in the months prior to the Debtor's bankruptcy filing.

Based on the foregoing and other reasons, Creditor Ronda Beselt respectfully requests an additional sixty (60) days from the current deadline in which to object to the debtor's discharge or the dischargeability of her particular claim.