BOSKO PETRICEVIC  8443
Attorney at Law, LLLC
P.O. Box 38
Honolulu, Hawaii 96810
Telephone: (402) 301-3716
E-mail: boskolaw@gmail.com

Attorney for Claimant
RONDA BESELT

DISPUTE PREVENTION & RESOLUTION, INC.
STATE OF HAWAI'I

| | |
|---|---|
| RONDA BESELT<br><br>Claimant,<br><br>vs.<br><br>MICHAEL JAY GREEN, GLENN H. UESUGI & PETER C. HSIEH,<br><br>Respondents. | DPR CASE NO. 21-0106A<br><br>**CLAIMANT RONDA BESELT'S CONCISE STATEMENT OF CLAIMS; CERTIFICATE OF SERVICE**<br><br>Arbitration Date: September 8-16, 2022<br>Arbitrator: Honorable Karl Sakamoto |

## CLAIMANT RONDA BESELT'S CONCISE STATEMENT OF CLAIMS

COMES NOW Claimant RONDA BESELT ("Claimant"), by and through her undersigned counsel, BOSKO PETRICEVIC, ATTORNEY AT LAW LLLC, and hereby respectfully submits her **CONCISE STATEMENT OF CLAIMS.**

### I. INTRODUCTION

By way of summary, Claimant has alleged nine claims in this Arbitration. Although the legal basis for these claims is intertwined and interconnected, they are as follows: 1) Breach of Contract; 2) Legal Malpractice and Negligence during representation of the Claimant; 3) Negligent misrepresentations; 4) Fraudulent Misrepresentations regarding Respondents' Attorney Lien claims; 5) Intentional Infliction of Emotional Distress; 6) Negligent Supervision of Co-Counsel; 7) Assault, Battery and Terroristic threatening; 8) Sexual assault; and 9) Wilful and Wanton Disregard of Respondent's Legal Duties and Responsibilities to their client, thus constituting legal malpractice.

Each of these claims will be summarized below as requested by this Arbitrator. Obviously, this summary by no means constitutes the entire universe of Claimant's allegations against Respondents, and Claimant is simply providing this brief summary at the request of the Arbitrator and reserves her absolute right to expound upon these allegations and causes of actions during the course of this arbitration.

### II. CAUSES OF ACTION

**Count I:** **Breach of Contract**

Claimant has entered into a legal services contract where all Respondents agreed to provide the Claimant with their legal representation of the Claimant in the underlying circuit court case, case no. 2CC161000597

in the Circuit Court of the Second Circuit, County of Maui, State of Hawaii. Respondents have breached this contract by providing an utterly ineffective, lazy and incompetent legal representation and in the process committed malpractice in their representation of the Claimant. This breach of contract caused significant damages to the Claimant to be proved at the arbitration hearing.

Count II:     Legal Malpractice and Negligence during representation of the Claimant

This Count is related to Count I, described above. During their representation of the Claimant in the underlying circuit court case, Respondents have breached their standard of care and duty for providing competent legal representation and in the process committed malpractice in their representation of the Claimant. Respondents, to name a few examples of their misconduct, have missed important deadlines (witness list and expert reports were not submitted on time to name a few), have failed to respond and turn over discovery to the opposing side resulting in significant sanctions against the Claimant, and then eventually have dropped the Claimant and left her to fend for herself 2 months before a trial was supposed to begin. To make matters worse, Respondent Hsieh was engaged in sexual conduct with the Claimant during the representation and even committed sexual assault against Claimant by forcing her to engage in certain sexual acts against her will. These actions caused significant damages to the Claimant to be proved at the arbitration hearing.

Count III:     Negligent Misrepresentations

During their representation of the Claimant, Respondents have made false representations and false promises to the Claimant. Moreover, they have made false representations to the court regarding their reasons for withdrawal. Lastly, Respondents have repeatedly made false statements to the Circuit Court damaging the credibility of the Claimant's case. These actions caused significant damages to the Claimant to be proved at the arbitration hearing.

Count IV:     Fraudulent Misrepresentations regarding Respondents' Attorney Lien claims

Respondents have made deliberate false statements when submitting their claim of attorney lien and have submitted false charges, false invoices and false claims for being owed money. These actions caused significant damages to the Claimant to be proved at the arbitration hearing.

Count V:     Intentional Infliction of Emotional Distress

Respondents' conduct towards Claimant during their representation of the Claimant was simply despicable that exceeded all bounds of decency. Respondents have regularly threatened physical violence against the Claimant to force her to do the things she did not want. At one point, Respondents even told Claimant that "she must drink his urine if he told her to". Claimant has text messages to prove this. Respondents have regularly screamed at the Claimant and kicked her out of their office. They have also threatened her with physical violence by getting their former criminal clients to commit acts of violence against the Claimant. Lastly, Respondent Hsieh has committed sexual assault against the Claimant on multiple occasions. These actions caused significant damages to the Claimant to be proved at the arbitration hearing.

Count VI: **Negligent Supervision of Co-Counsel**

Claimant has signed her retainer agreement with Respondents Green and Uesugi. At a later point, Respondents Green and Uesugi have hired a co-counsel Hsieh to assist with the case. On Green's and Uesugi's watch, permission and tacit approval, Respondent Hsieh has proceeded to commit malpractice and sexual assault against the Claimant. Respondents Green and Uesugi had a duty to supervise the co-counsel that they hired, but they have utterly failed in this obligation. These actions caused significant damages to the Claimant to be proved at the arbitration hearing.

Count VII: **Assault, Battery and Terroristic threatening**

Respondents have threatened physical violence against the Claimant and her husband by telling the Claimant that they will send one of their former criminal clients to hurt the Claimant and her husband. They threatened this violence against the Claimant and her husband to force her to keep quiet and not report the Respondents' misconduct to the ODC and other authorities. Respondents engaged in repeated terroristic threatening by repeatedly threatening Claimant and her husband to "keep quiet" since Respondents knew "where you guys live". Hsieh warned Claimant that **"Green's and my guys [former clients] will hurt you and your family if you say anything to anyone about what has happened with your case or our romantic relationship."** When Claimant asked Hsieh, "Are you threatening me and my family?" Hsieh replied, "Yeah, I think you get it." These actions caused significant damages to the Claimant to be proved at the arbitration hearing.

Count VIII: **Sexual Assault**

Respondent Hsieh has committed sexual assault against the Claimant on multiple occasions. Here are few examples:

1. Throughout August 2018- May 2019, Respondent Hsieh masturbated on the phone in numerous calls. On many occasions, he forced Claimant into speaking to him in a seductive voice while he crudely and disgustingly spoke "dirty" towards her.

2. Respondent Hsieh pressured Claimant into furthering his romantic relationship with her with particular emphasis on forcing her into sexual acts that she did not want to do. Many times, the sexual conduct between Respondent Hsieh and Claimant was not consensual.

3. On or about November 14, 2018 while they stayed together in Victoria, BC, Canada, Respondent Hsieh forced himself onto Claimant and pulled off her clothes until she was only in her undergarments. Hsieh proceeded to grab her breasts and tore at her underwear to push aside her panties. Hsieh held down her legs and forced his face and tongue between her legs and her private area to perform oral sex. Claimant finally struggled free and pushed him off of her. Hsieh left Claimant crying and was angry that she didn't want to participate in his "seduction" of her.

4. On or about November 15, 2018 Hsieh lectured Claimant the next morning on how disappointed he was and that it was his expectation to have sex with Claimant. **Hsieh reminded Claimant that "she was to do anything he told her to as per his demands in June 2018 when he eventually agreed not to withdraw as Claimant's counsel. Hsieh stated, "I didn't fly 3000 miles to hug and kiss you, you need to f**k me."**

3

5. On or about November 15, 2018, Hsieh again insisted that Claimant take off her clothes. Again, he grabbed Claimant and groped her. Hsieh forced his hand into her underwear and touched her breasts and genital area. Again, Claimant had to fight off Hsieh's sexual advances and begged him to stop. Hsieh took off his underwear and slid his erect penis over Claimant's body. He told Claimant to touch him. Once she began crying, he finally stopped and got mad at Claimant.

6. On Maui trip from January 22-27, 2019, Hsieh daily attacked Claimant from behind, grabbed at her breasts, her butt, trying to insert his fingers into her vagina and anus. Hsieh stated, "I am going to f**k you in all your holes." Hsieh stated, "Just lay down on the pillow and I will do what I want with you and I will f**k you from behind."

7. On or about January 23, 2019, Hsieh had come over to Claimant's condo at Kamaole Sands and pressed her against the wall and began kissing her. He grabbed her breasts, butt and genital area. He tried to insert his fingers into her vagina through her clothes. Hsieh stated this is the way "I am welcoming you to the Islands".

8. On February 2, 2019 Hsieh took Claimant to his apartment where he took off her clothes. Hsieh told her to "suck him off". When Claimant refused, Hsieh told her "Be like Terry [Niimoto], she was a good girl and swallowed". **Terry Niimoto was a former client of Respondent Hsieh that Respondent Green knew that Respondent Hsieh had an affair with after he began representing her. Respondent Green approved of Respondent Hsieh having sex with clients since he stated that he did it too. He called it perks of the job.** When Claimant refused to perform oral sex, Hsieh jammed his penis in her face and tried to get it into her mouth. He forcefully stuck his fingers into her vagina repeatedly and hurt her several times. He tried to stick his penis in her anus and vagina. Claimant had to fight off Hsieh repeatedly. He was so forceful that Claimant bled from the impact of his hands and/or penis to her body.

When Claimant told Respondent Hsieh that she did not want to do anything with him anymore and ended this inappropriate relationship with Respondent Hsieh, Hsieh told Claimant that it is his right "do anything he wanted with me" OR that he and Respondents Green and Uesugi would withdraw their legal representation of her. This list of sexual assaults is not exhaustive. Respondents have dropped Claimant from their representation in part because she refused to continue a sexual relationship with Respondent Hsieh. Respondents Green and Uesugi were aware of this and said nothing and did nothing. These actions caused significant damages to the Claimant to be proved at the arbitration hearing.

Count IX: <u>Wilful and Wanton Disregard of Respondents' Legal Duties and Responsibilities to their client, thus constituting legal malpractice.</u>

This cause of action is related to Counts I and II. See above. Respondents' actions caused significant damages to the Claimant to be proved at the arbitration hearing.

### III. RESPONDENTS' COUNTERCLAIMS

Claimant denies all of the Respondents' counterclaims as frivolous and retaliatory in nature. Claimant is looking forward to the hearing and presenting her evidence that will completely and utterly render these counterclaims as frivolous.

4

U.S. Bankruptcy Court - Hawaii   #23-00149   Dkt # 41-3   Filed  07/14/23   Page 4 of 6

## IV. CONCLUSION

WHEREFORE, Claimant respectfully prays that this Arbitrator enters judgment granting the following relief, jointly and severally, on all causes of action as follows:

A. On all Counts against ALL Respondents;

B. For an award of special, economic, consequential and general damages to Claimant from ALL Respondents, jointly and severally, in amount proven at the arbitration;

C. Punitive damages, as the facts aforesaid constitute extreme and outrageous behavior which exceeds all bounds usually tolerated by decent society. In committing the above acts and omissions, all Respondents acted wantonly and/or oppressively and/or with such malice as implies a spirit of mischief or criminal indifference to civil obligations and/or there has been some willful misconduct that demonstrates that entire want of care which would raise the presumption of a conscious indifference to consequences, justifying an award of punitive or exemplary damages in an amount to be proven at the arbitration;

D. That this Arbitrator enter a declaratory judgment that Respondents have violated the rights of Claimant and that this Arbitrator order appropriate injunctive relief.

E. That this Arbitrator award Claimant compensatory damages, proximately caused by Respondents' tortious, bad faith and abusive conduct, including, but not limited to, general damages for intentional and negligent infliction of mental and/or emotional distress, assessed against all Respondents, all in an amount to be proven at the arbitration;

F. That this Arbitrator award Claimant her reasonable attorney's fees and costs of litigating this arbitration, arbitration's fees and costs incurred herein, as well as prejudgment and post-judgment interest;

G. That this Arbitrator retains jurisdiction over this action until the Respondents have fully complied with the order of this Arbitrator and that this Arbitrator requires the Respondents to file such reports as may be necessary to secure compliance;

H. That this Arbitrator award Claimant such other and further relief both legal and equitable as this Arbitrator deems just, necessary and proper under the circumstances.

DATED: Honolulu, Hawaii; March 15, 2022.

/S/ BOSKO PETRICEVIC
BOSKO PETRICEVIC, ATTORNEY AT LAW LLLC

ATTORNEY FOR CLAIMANT
RONDA BESELT

5

U.S. Bankruptcy Court - Hawaii   #23-00149   Dkt # 41-3   Filed 07/14/23   Page 5 of 6

DISPUTE PREVENTION & RESOLUTION, INC.

STATE OF HAWAI'I

| | |
|---|---|
| RONDA BESELT<br><br>    Claimant,<br><br>vs.<br><br>MICHAEL JAY GREEN, GLENN H. UESUGI & PETER C. HSIEH,<br><br>    Respondents. | DPR CASE NO. 21-0106A<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above-listed document was duly served upon the following counsel, parties and DPR through email on March 15, 2022:

MICHAEL JAY GREEN, ESQ.
michael@michaeljaygreen.com

Pro Se Respondent

PETER C. HSIEH, ESQ.
hsiehlaw808@gmail.com

Pro Se Respondent

BRONSTER FUJICHAKU ROBBINS
KENNETH S. ROBBINS
krobbins@bfrhawaii.com

Attorney for Respondent
GLENN H. UESUGI

DISPUTE PREVENTION & RESOLUTION, INC.:

THE HONORABLE KARL SAKAMOTO
karlksakamoto@yahoo.com

KELLY BRYANT
KellyBryant@dprhawaii.com

DATED: Honolulu, Hawaii; March 15, 2022.

                                                    */S/ BOSKO PETRICEVIC*
                                                    BOSKO PETRICEVIC, ATTORNEY AT LAW LLLC

                                                    ATTORNEY FOR CLAIMANT
                                                    RONDA BESELT