

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Case No.: 23-00149<br>Chapter 13 |
| PETER CHEN HSIEH, | |
| Debtor. | Related: ECF 221 |

## MEMORANDUM OF DECISION ON
## <u>MOTION TO MODIFY CHAPTER 13 PLAN</u>

Chapter 13 debtor Peter Chen Hsieh seeks to modify his confirmed

chapter 13 plan by extending the period of reduced monthly payments and

providing for a balloon payment in the sixtieth month of the plan term.

Mark Beselt and Ronda Melnychuk-Beselt object on many grounds.[1]

Mr. Hsieh is an attorney who mostly represents plaintiffs in personal

---

[1] Ms. Beselt has standing to object to the plan because she filed a timely proof of claim and no one has objected to it. Mr. Beselt probably does not have standing because he did not file a claim of his own. Because Mr. Beselt's objections are identical to those that Ms. Beselt has asserted, his lack of standing is irrelevant.

1

injury cases on a contingent fee basis. His income is large but variable.

When he filed his bankruptcy petition in March 2023, he had modest assets and sizable debts. The filed claims include almost $2 million in state and federal taxes and over $325,000 owed to his ex-wife, Dawn Toshiko Yoshioka.

Mrs. Beselt filed a claim for $17.5 million.[2] She alleges that Mr. Hsieh committed despicable professional and personal misconduct, including sexual assault. Mr. Hsieh has denied these allegations. Mr. and Ms. Beselt have also filed a complaint alleging that their claims against Mr. Hsieh are not dischargeable in bankruptcy.

The court confirmed his plan in November 2023 (after denying confirmation of two prior plans). The plan provided that Mr. Hsieh would pay $16,800 per month for fifteen months and $32,400 for the next forty-five months, for total plan funding of $1,710,000.

Mr. Hsieh defaulted in making his plan payments after the stepped-up payment came into effect. The trustee filed a motion to dismiss the case

---

[2] Claim 7-1.

U.S. Bankruptcy Court - Hawaii   #23-00149   Dkt # 237   Filed  05/20/26   Page 2 of 7

in July 2024.[3] Mr. Hsieh responded by filing a motion to modify his plan in September 2024, in which he sought to delay the inception of the stepped-up payments and increase the amount of each such payment.[4]. The Beselts did not object to the motion, and the court granted it.[5]

Mr. Hsieh again failed to make the stepped-up plan payments, and the trustee moved to dismiss his case.[6] Mr. Hsieh again responded with a motion to modify his plan, proposing a revised schedule of stepped-up payments.[7] This motion drew multiple objections, including the State of Hawaii's argument that Mr. Hsieh had failed to pay post-petition taxes and file his 2024 income tax return.[8] The trustee, the Beselts, and Ms. Yoshioka also objected on multiple grounds.[9]

These objections prompted Mr. Hsieh to propose yet another plan modification.[10] The trustee, the Beselts, and Ms. Yoshioka again objected to

---

[3] ECF 165.
[4] ECF 168.
[5] ECF 176.
[6] ECF 180.
[7] ECF 183.
[8] ECF 185.
[9] ECF 187, 189, 190.
[10] ECF 191.

U.S. Bankruptcy Court - Hawaii   #23-00149   Dkt # 237   Filed  05/20/26   Page 3 of 7

the amended plan.[11]

In yet another attempt to address the objections, Mr. Hsieh filed another plan modification with a new payment schedule.[12] The court denied Mr. Hsieh's motion, giving him one more chance to file an amended plan.[13]

Mr. Hsieh then filed the motion which is now before the court. This variant of his plan involves a brief period of stepped-up monthly payments and a payment of $1,050,000 in the last month of the plan term.[14] Mr. Hsieh filed a declaration in which he described certain cases which he believes will provide sufficient income to make the revised plan payments.[15]

The trustee objected to the motion on the ground that Mr. Hsieh has not provided copies of his filed income tax return for 2025 or paid over any refunds. The State of Hawaii did not file an objection, but its attorney stated on the record that Mr. Hsieh did not file his 2025 state tax returns.

---

[11] ECF 193, 195, 196.

[12] ECF 199.

[13] Ms. Yoshioka also proposed a plan modification to give her domestic support obligation claim priority in distribution over other claims. ECF 202. The court granted her motion.

[14] ECF 221.

[15] ECF 218.

4

U.S. Bankruptcy Court - Hawaii   #23-00149   Dkt # 237   Filed  05/20/26   Page 4 of 7

The failure to file and provide these returns is an independently sufficient reason to deny Mr. Hsieh's motion.

Because Mr. Hsieh may have provided (or might soon provide) the required tax returns and refunds, I will address the Beselts' objections.

The Beselts argue that the modified plan violates the equal monthly payment requirement of section 1325(a)(5)(iii)(I). But as Mr. Hsieh correctly points out, that requirement only applies to distributions on account of secured claims. The Beselts do not hold any secured claims, and they are not entitled to assert an objection that is only available to secured creditors.

The Beselts primarily rely on a set of self-contradictory arguments about Mr. Hsieh's ability to perform under the plan.

On the one hand, they argue that he has underreported his income. They say that he should have paid more in 2024 because the income reflected on his tax returns minus the expenses projected in his plan is greater than his plan payments for that year. This argument disregards the fact that chapter 13 debtors are required to pay their "projected" disposable income, not their actual disposable income. If a chapter 13 debtor earns

5

more disposable income than projected, the excess goes to the debtor.

On the other hand, the Beselts argue that his income is too low to support his plan payments. They contend that his failure to make the stepped-up payments on the original schedule, plus the speculative nature of his potential future income, mean that he cannot establish that he "will be able to make all payments under the plan," as section 1325(a)(6) requires. The Beselts are correct that the contingent fee income of a personal injury attorney is inherently uncertain and variable, the disciplinary complaints against Mr. Hsieh add more uncertainty, and Mr. Hsieh's financial track record does not bode well for his future performance. But Mr. Hsieh has testified to his belief in his ability to make the payments. Further, because he owes huge nondischargeable debts to Ms. Yoshioka and the taxing authorities, he has a powerful incentive to make his plan work. Accordingly, I find by a preponderance of the evidence that Mr. Hsieh will be able to make all payments under the plan and comply with the plan.

The Beselts also argue that Mr. Hsieh has not filed his modified plan

U.S. Bankruptcy Court - Hawaii  #23-00149  Dkt # 237  Filed  05/20/26  Page 6 of 7

or prosecuted his case in good faith as section 1325(a)(3) and (5) require. They emphasize his delays in prosecuting the case, his repeated plan defaults, and the fact that his plan provides no recovery to unsecured creditors like themselves. Although Mr. Hsieh's case has been far from exemplary, I find that he is hopelessly insolvent, and that he has filed his bankruptcy petition and plan in an honest effort to resolve his financial problems. The failure to provide a distribution to unsecured creditors is a function of his desperate financial condition and not an indication of dishonesty or lack of good faith. Moreover, the Beselts have filed an adversary proceeding (A.P. No. 23-90018) in which they contend that their claims against him are not dischargeable. That is the correct context in which to address his prepetition behavior.

Unless Mr. Hsieh provides and files his 2025 tax returns, the court will deny Mr. Hsieh's motion to modify his plan. If the trustee and the State confirm that he has filed and provided those returns, the court would grant the motion and direct counsel to submit an order in the usual form.

**END OF ORDER**

7